United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID GENE LANCASTER,          )     No. C 08-5334 MMC (PR)
                                )
                Petitioner,     )     **ORDER TO SHOW CAUSE**
                                )
        v.                      )
                                )
BEN CURRY, Warden,              )
                                )
                Respondent.     )
_____)

On November 25, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

**BACKGROUND**

In 1991, in the Superior Court of San Joaquin County, petitioner was convicted of second degree murder. He was sentenced to a term of fifteen years to life in state prison. On March 28, 2007, the Board, for the fourth time, found petitioner unsuitable for parole. On August 20, 2008, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Board's decision.

**DISCUSSION**

A.      Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a);

Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto."

28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the

petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See

Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

431 U.S. 63, 75-76 (1977)).

B.      Petitioner's Claims

        Petitioner claims the following: (1) the Board's decision violated his federal

constitutional right to equal protection of the laws because he has been treated differently

than other similarly-situated prisoners who have been granted parole; (2) the Board's

decision violated his federal constitutional right to due process because the Board, by failing

to set petitioner's release date in accordance with state parole statutes, has extended his

sentence beyond the maximum term of punishment allowable under state law; and (3) the

Board's decision violated his federal constitutional right to due process because the

determination that petitioner's release would pose an unreasonable risk to public safety was

not supported by some evidence.  Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

        For the reasons stated above, the Court orders as follows:

        1.  The Clerk shall serve by certified mail a copy of this order and the petition, along

with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the

Attorney General for the State of California.  The Clerk shall also serve a copy of this order

on petitioner.

        2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

be granted based on petitioner's cognizable claims.  Respondent shall file with the answer

United States District Court

For the Northern District of California

and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: March 16, 2009

MAXINE M. CHESNEY
United States District Judge