**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID GENE LANCASTER,     )    No. C 08-5334 MMC (PR)
                          )
          Petitioner,    )    **ORDER DIRECTING PARTIES TO**
                          )    **FILE SUPPLEMENTAL BRIEFS**
  v.                  )
                          )
BEN CURRY, Warden,      )
                          )
          Respondent.   )
_____ )

     On November 25, 2008, petitioner, a California prisoner incarcerated at the
Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2007 decision by the
California Board of Prison Hearings ("Board") to deny petitioner parole.  Respondent has
filed an answer to the petition and petitioner has filed a traverse.

     A recent decision from the Ninth Circuit addresses important issues relating to federal
review of parole decisions.  See Hayward v Marshall, No. 06-55392, 2010 WL 1664977 (9th
Cir. April 22, 2010) (en banc).  Consequently, the parties will be directed to file
supplemental briefs setting forth their respective views as to the effect, if any, of the
Hayward en banc decision on the Court's determination of the instant petition.

Accordingly, the Court hereby sets the following briefing schedule:

1.  No later than **ten days from the date this order is filed,** respondent shall send to petitioner a copy of the Hayward en banc decision.

2.  No later than **twenty days from the date this order is filed,** respondent shall file and serve on petitioner a supplemental brief addressing the impact of Hayward on the instant action.

3.  No later than **twenty days from the date respondent's supplemental brief is filed,** petitioner shall file and serve on respondent either a supplemental brief addressing the impact of Hayward on the instant action or a notice that he does not intend to file such a brief.

4.  The parties' respective supplemental briefs shall not exceed fifteen pages in length.

5.  The matter will be deemed submitted on the date petitioner's supplemental brief is due.  No extensions of time will be granted to file the supplemental briefs absent a showing of exceptional circumstances.

IT IS SO ORDERED.

DATED: May 20, 2010

MAXINE M. CHESNEY
United States District Judge

*United States District Court*

*For the Northern District of California*

2