IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LANCASTER, ) | No. C 08-5334 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v. ) | |
| BEN CURRY, Warden, ) | |
| Respondent. ) | |
| _____ ) | |

On November 25, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2007 decision by the California Board of Prison Hearings ("Board") to deny petitioner parole. Respondent filed an answer to the petition and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed supplemental briefs explaining their views of how the Hayward en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the constitutionally required standard of review applicable to petitioner's due process claim

herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1991, in the Superior Court of San Joaquin County ("Superior Court"), petitioner was found guilty of second degree murder. He was sentenced to a term of fifteen years to life in state prison. The conviction was affirmed on appeal; there is no information in the record before the Court as to whether petitioner sought review from the California Supreme Court.

Petitioner's fourth parole suitability hearing, which is the subject of the instant petition, was held on March 28, 2007.[1] At the conclusion of the hearing, the Board, after having reviewed the facts of the commitment offense, petitioner's social and criminal history, his employment, educational and disciplinary history while incarcerated, and his mental health reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. (Resp't Answer to Order to Show Cause ("Answer") Ex. 1 (Super. Ct. Pet.) Ex. A (Transcript of Board's Decision) at 103-114.)[2]

After he was denied parole, petitioner filed a habeas petition in the Superior Court, challenging the Board's decision. In an opinion issued January 25, 2008, the Superior Court denied relief, finding the Board properly applied state parole statutes and regulations to find petitioner unsuitable for parole, and that some evidence supported the Board's decision. (Answer Ex. 2.) Petitioner next filed a habeas petition in the California Court of Appeal. The petition was summarily denied on February 28, 2008. (Answer Ex. 4.) Petitioner then

---

[1] Neither petitioner nor respondent has submitted as an exhibit a full transcript of the March 28, 2007, hearing. Rather, petitioner has submitted as an exhibit to the petition a transcript of the Board's decision, and respondent has submitted as exhibits to the answer copies of petitioner's state habeas petitions, which petitions similarly contain only the Board's decision. As discussed below, however, the complete transcript of the hearing is not required for the Court to reach a decision on the merit of petitioner's claims.

[2] Unless otherwise noted, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

filed a petition for review in the California Supreme Court; the petition was summarily denied on August 20, 2008. (Answer Ex. 6.)

Petitioner next filed the instant petition, in which he raises the following claims: (1) the Board did not provide him with a hearing that met the requirements of federal due process because the Board's decision to deny parole was not supported by some evidence that petitioner at that time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense, (2) the Board unlawfully extended petitioner's sentence beyond the maximum term of punishment allowable under state law, and (3) the Board's decision violated petitioner's federal constitutional right to equal protection.

## DISCUSSION

A.   Standard of Review

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, both the California Court of Appeal and the California Supreme Court summarily denied review of petitioner's claims. The Superior Court thus was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797,

3

803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B.     Petitioner's Claims

     1.     Due Process

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

As noted, petitioner claims the Board's decision to deny him a parole date violated his federal constitutional right to due process because the decision was not supported by some evidence that petitioner at such time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense. Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

4

1  When a state creates a liberty interest, the Due Process Clause requires fair procedures
2  for its vindication, and federal courts will review the application of those constitutionally
3  required procedures. Id. at 862. In the context of parole, the procedures necessary to
4  vindicate such interest are minimal: a prisoner receives adequate process when "he [is]
5  allowed an opportunity to be heard and [is] provided a statement of the reasons why parole
6  was denied." Id. "The Constitution," [the Supreme Court has held], "does not require
7  more." Id.; see Pearson v. Muntz, No. 08-55728, --- F.3d ---, 2011 WL 1238007, at *5 (9th
8  Cir. Apr. 5, 2011) ("Cooke was unequivocal in holding that if an inmate seeking parole
9  receives an opportunity to be heard, a notification of the reasons as to denial of parole, and
10 access to their records in advance, that should be the beginning and end of the inquiry into
11 whether the inmate received due process.") (internal brackets, quotation and citation
12 omitted).

13 Further, because California's "some evidence" rule is not a substantive federal
14 requirement, whether the Board's decision to deny parole was supported by some evidence of
15 petitioner's current dangerousness is not relevant to this Court's decision on the instant
16 petition for federal habeas corpus relief. Cooke, 131 S. Ct. at 862-63. The Supreme Court
17 has made clear that the only federal right at issue herein is procedural; consequently, "it is no
18 federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure
19 beyond what the Constitution demands) was correctly applied." Id. at 863.

20 Here, as noted, neither petitioner nor respondent has submitted a complete transcript
21 of the 2007 hearing at issue herein. Complete copies of petitioner's state habeas petitions
22 have been submitted, however, and it is clear therefrom that petitioner never claimed in state
23 court that he was denied an opportunity to speak at his hearing or to contest the evidence
24 against him, nor did petitioner claim he was denied access to his records in advance, or that
25 he was not notified of the reasons why parole was denied. Similarly, petitioner has made no
26 such assertion in the instant petition. Rather, the due process claim found cognizable by the
27 Court in the instant matter pertains solely to the sufficiency of the evidence on which the
28 Board relied. As Cooke clearly forecloses petitioner's claim based on the sufficiency of the

5

evidence, petitioner is not entitled to habeas relief based on such claim.  See Pearson, 2011 WL 1238007, at *5 (reversing district court's pre-Cooke grant of habeas relief on petitioner's "some evidence" claim; finding no further due process inquiry required because petitioner had never argued he was not provided the procedures set forth in Cooke).

Accordingly, habeas relief will be denied on this claim.

2.  Sentence Exceeding Maximum Allowable Punishment

Petitioner claims the Board violated due process by not setting a parole date for petitioner that falls within the range of uniform parole dates for prisoners convicted of second degree murder.

California's parole regulations contain a matrix of suggested uniform base terms that prisoners convicted of murder should serve before they are released on parole.  See Cal. Code Regs. tit. 15, § 2403.  The base term is to be set solely on the basis of "the gravity of the base crime, taking into account all of the circumstances of that crime."  Id. § 2403(a).  If, as in petitioner's case, the base offense is second degree murder, the matrix base term ranges from a low of fifteen years to a high of twenty-one years, depending on the facts of the crime.  See id. § 2403(c).

In In re Dannenberg, 34 Cal. 4th 1061, 1070-71 (2005), the California Supreme Court held that an inmate's base term can be set only after he has been found suitable for parole, because the statutory scheme places individual suitability for parole above a prisoner's expectancy in an early setting of a fixed date designed to ensure term uniformity. Specifically, the California Supreme Court found:

> While subdivision (a) of [California Penal Code] section 3041 states that indeterminate life (i.e., life-maximum) sentences should "normally" receive "uniform" parole dates for similar crimes, subdivision (b) provides that this policy applies "*unless* [the Board] determines" that a release date cannot presently be set because the particular offender's crime and/or criminal history raises "*public safety*" concerns requiring further indefinite incarceration. (Italics added.)  Nothing in the statute states or suggests that the Board must evaluate the case under standards of term uniformity before exercising its authority to deny a parole date on the grounds the particular offender's criminality presents a *continuing public danger*.

Id. at 1070 (italics, brackets and parentheses in original).

Consequently, the Board has the express power and duty to postpone the fixing of a firm release date, and thus to continue the inmate's indeterminate sentence within a life-maximum sentence, if the Board finds the inmate presents a continuing risk to public safety. Id. at 1090.

In the instant case, under state law, petitioner, who was sentenced to a term of fifteen years to life in state prison, faces a maximum term of life in state prison, and is not entitled to have a parole date set until the Board finds him suitable for parole. Under such circumstances, there is no merit to petitioner's claim that he is being confined in excess of the maximum term of confinement allowable under state law.

Accordingly, habeas relief will be denied on this claim.

3. Equal Protection

Petitioner claims the Board violated his right to equal protection by treating a foreign national differently from petitioner, who is a United States citizen. Specifically, petitioner asserts that after the Governor reversed a decision of the Board finding Mikael Schold ("Schold"), a Swedish national convicted of second degree murder, suitable for parole, the Board then entered into a settlement agreement with Schold, allowing him to be transferred to Sweden with a determinate release date. Petitioner maintains that the settlement agreement establishes an equal protection violation because Schold, unlike petitioner, was given a determinate release date without first being found suitable for parole.[3]

Respondent argues the claim must be dismissed as untimely because petitioner was aware of the settlement agreement at the time he was denied parole at his third parole suitability hearing on April 4, 2006, and, consequently, he was required to raise his equal protection claim in federal court within one year of such hearing.[4] Petitioner, however, did

---

[3] Petitioner neglects to mention that, prior to execution of the settlement agreement, the Superior Court reversed the Governor's decision. (Pet. Ex. B ¶ 3.)

[4] On April 8, 2008, petitioner filed in this court a habeas petition challenging the denial of parole at the April 4, 2006 parole suitability hearing. See Lancaster v. Curry, C 08-1880 MMC(PR). Petitioner did not raise an equal protection claim in that petition. The petition was denied by order filed April 28, 2011.

7

1 not raise his equal protection claim until he filed the instant petition on November 25, 2008,
2 challenging the denial of parole at his 2007, i.e., fourth, parole suitability hearing. Petitioner,
3 in his traverse, does not address respondent's argument.

4 The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year
5 limitations period for the filing of a federal habeas petition by persons in custody pursuant to
6 the judgment of a state court, "even if the petition challenges a pertinent administrative
7 decision rather than a state court judgment." See Shelby v. Bartlett, 391 F.3d 1061, 1063
8 (9th Cir. 2004). Such administrative decisions include decisions denying parole. See Redd
9 v. McGrath, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003).

10 Of the four possible starting dates for the one-year limitations period set forth at 28
11 U.S.C. § 2244(d)(1), the date set forth under sub-paragraph (D) is the date applicable to a
12 petition challenging a decision denying parole. See id. at 1082. Specifically, under 28
13 U.S.C. § 2244(d)(1)(D), the one-year limitations period starts to run from "the date on which
14 the factual predicate of the claim or claims presented could have been discovered through the
15 exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); Shelby, 391 F.3d at 1066.

16 Here, the settlement agreement between Schold and the Board was executed on
17 October 22, 2003. (Pet. Ex. B at 5). Thereafter, on April 4, 2006, petitioner was denied
18 parole at his third parole suitability hearing. Petitioner offers no explanation for why he
19 could not have filed a timely habeas petition raising his equal protection claim within one
20 year of the 2006 parole denial. Accordingly, as petitioner did not raise his equal protection
21 claim until November 2008, at which time he filed the instant petition challenging his 2007
22 parole denial, the equal protection claim will be denied as untimely.

23 C.   Certificate of Appealability

24 A certificate of appealability will be denied with respect to petitioner's claims. See 28
25 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11
26 (requiring district court to issue or deny certificate of appealability when entering final order
27 adverse to petitioner). Specifically, petitioner has failed to make a substantial showing of the
28 denial of a constitutional right, as he has not demonstrated that reasonable jurists would find

the Court's assessment of the constitutional claims debatable or wrong.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: May 23, 2011

_____
MAXINE M. CHESNEY
United States District Judge